IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MASTON G. LYONS, III, and )
LINDA C. LYONS )
 )
 v. ) NO. 3:15-0276
 )
SHARON LEE )

TO: Honorable Kevin H. Sharp, Chief District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered March 30, 2015 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Defendant's motion to dismiss (Docket Entry No. 9), to which the Plaintiffs have filed a response in opposition (Docket Entry Nos. 14-15). Also before the Court is the Defendant's reply (Docket Entry No. 20). Set out below is the Court's recommendation for disposition of the motion.

**I. BACKGROUND**

The Plaintiffs are a husband and wife who are residents of Murfreesboro, Tennessee. Beginning in 2006, they were parties in a lawsuit brought in state court pertaining to a parcel of

property located in Sequatchie County, Tennessee, for which they asserted they had a contract of sale. They were ultimately unsuccessful in this lawsuit, and in 2011, the Tennessee Court of Appeals upheld the trial court's decision against them. See Lyons v. Leffew, 2011 WL 1884591 (Tenn.Ct.App. May 17, 2011). On September 21, 2011, the Tennessee Supreme Court denied the Plaintiffs' application for permission to appeal. See Docket Entry No. 1-1, at 7. During the course of the litigation in Lyons v. Leffew, the Plaintiffs brought a lawsuit against an attorney, whom they contended they had hired to represent them in Lyons v. Leffew and then subsequently fired. They alleged that their attorney had injured them by making false representations and by fraudulent concealment. The Plaintiffs were likewise unsuccessful in this lawsuit, losing at both the trial level and in their appeal to the Tennessee Court of Appeals, which affirmed the judgment of the trial court on January 20, 2015. See Lyons v. Atchley, 2015 WL 241439 (Tenn.Ct.App. Jan. 20, 2015).[1]

In addition to their lawsuits, the Plaintiff also filed complaints with the Court of the Judiciary against a state court judge who had been involved in Lyons v. Leffew, with the Tennessee Board of Professional Responsibility against a state court judge who had been involved in Lyons v. Leffew, and with the Tennessee Board of Professional Responsibility against the attorney they sued. See Docket Entry No. 1, at 4-5. The Plaintiffs assert that these administrative complaints were also dismissed without resolutions in their favor.

On March 20, 2015, the Plaintiffs filed the instant federal lawsuit pro se against Sharon Lee, the Chief Justice of the Tennessee Supreme Court, who is named in her official capacity as "the recognized overseer of the judicial system in Tennessee." See Complaint (Docket Entry No. 1), at

---

[1] The Westlaw citing reference indicates that an application for permission to appeal to the Tennessee Supreme Court was denied in the case on May 14, 2015.

1. The Plaintiffs contend that the lawsuit is brought in accordance with the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution. Id. They maintain that they have endured "many violations of due process at the hand[s] of the courts of Tennessee," and have "suffered systemic obstruction to the pursuit of justice by judges, lawyers, clerks and law enforcement personnel," and that relevant case law, "black letter law" and details and evidence have been ignored by the state officials. Id. at 6. Relying on their own experiences arising from their two lawsuits and on various articles and reports relating to judicial reform in Tennessee, they contend that this Court should declare that the Tennessee judicial system "needs effective reform" and request that five specific measures be implemented. Id. at 8.

By her motion, the Defendant argues that dismissal of the action is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Defendant contends that the Plaintiffs' complaint fails to satisfy the minimum pleading requirements under of Rule 8 of the Federal Rules of Civil Procedure. The Defendant further contends that the Plaintiffs' allegations fail to state a claim for declaratory relief because the requested relief is so expansive that it would intrude into the very operation of the state courts and the requested relief would have no effect on the Plaintiffs' state lawsuits.

In response, the Plaintiffs contend that their complaint satisfied the minimal pleading requirements of Rule 8 because they set out a short and plain statement of the grounds for the Court's jurisdiction, of the claim showing their basis for relief, and of their demand for relief. They further contend that they allege sufficient events supporting their claim and that his Court should not hesitate to entertain a declaratory judgment action to remedy ongoing violations of the United States and Tennessee Constitutions by the courts of Tennessee.

In reply, the Defendant raises the additional defense of lack of subject matter jurisdiction and seeks dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure based on immunity under the Eleventh Amendment. The Defendant argues that the Plaintiffs' action seeking federal relief relating to the supervision and operation of the state judicial system in Tennessee implicates the sovereign immunity of the State of Tennessee and, therefore, the Eleventh Amendment bars the lawsuit brought by the Plaintiffs.

## II. STANDARD OF REVIEW

A motion to dismiss brought pursuant to Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiffs' favor, and construe the complaint liberally in favor of the pro se plaintiffs. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiffs must provide the grounds for their entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations

4

respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

## III. CONCLUSIONS

The Defendant's motion should be granted and this action should be dismissed. There is no subject matter jurisdiction for this Court to hear the claim raised by the Plaintiffs or provide them with the relief that they seek. The issue of the Court's subject matter jurisdiction to hear a case is a threshold issue that is always before the Court and may be reviewed by the Court at any time. See New Hampshire Co. v. Home Sav. & Loan Co. of Youngstown, Ohio, 581 F.3d 420, 423 (6th Cir. 2009); Campanella v. Commerce Exch. Bank, 137 F.3d 885, 890 (6th Cir. 1998).

Initially, this Court is clearly precluded by the Rooker-Feldman doctrine from reviewing any challenge brought by the Plaintiffs to the merits of the state court judgements about which they complain and to the sufficiency of due process afforded them in those state court proceedings. The Rooker–Feldman doctrine is derived from two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). In general, the doctrine provides that a federal district court lacks subject matter jurisdiction to conduct an appellate review of a state court decision. Lawrence v. Welch, 531 F.3d 364, 368 (6th Cir. 2008); Pittman v. Cuyahoga Cnty.

Dep't of Children and Family Servs., 241 Fed.Appx. 285, 287 (6th Cir.2007). The Rooker–Feldman doctrine "bars a losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the party's claim that the state judgment itself violates the loser's federal rights.'" Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 287, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (quoting Johnson v. DeGrandy, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)). The source of the injuries complained about by the Plaintiffs in this action are the state court judgments and, thus, this Court is barred from hearing attacks that are based upon alleged errors made in those proceedings. See Hall v. Callahan, 727 F.3d 450, 454 (6th Cir. 2013); McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006).

Perhaps recognizing this hurdle, the Plaintiffs, despite devoting much of their complaint to a recitation of the alleged legal infirmities in the state court proceedings, craft their complaint as one that does not directly challenge the state court judgments, but instead challenges what the Plaintiffs contend is a general lack of "fairness" and justice in the Tennessee state courts. Regardless, the complaint is still subject to dismissal.

Federal courts are courts of limited jurisdiction, and Section 2 of Article III of the United States Constitution provides that Federal Courts may adjudicate only actual cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990); Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). This Court has no authority to render advisory opinions, give opinions upon abstract principles, or hear generalized grievances. See Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975); North Carolina v. Rice, 404 U.S. 244, 246,

92 S.Ct. 402, 30 L.Ed.2d 413 (1971); Fialka–Feldman v. Oakland Univ. Bd. of Trustees, 639 F.3d 711, 715 (6th Cir. 2011). "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." Lujan v. Defenders of Wildlife, 504 U.S. 555, 573-74, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The Plaintiffs' allegations that the state courts in Tennessee are in need of reform, when removed from their personal complaints about the specific events that occurred in the state lawsuits in which they were involved, fall into the realm of generalized complaints that simply fail to raise an actual case or controversy.

Nor does the Plaintiffs' request for only non-monetary relief related to "reform" of the state court system save their complaint from dismissal. The Plaintiffs request both a declaratory judgment "that the judicial system in Tennessee needs effective reform" and an order that five specific measures of reform be implemented in the future. See Docket Entry No. 1, at 1 and 8. However, this Court cannot grant the relief requested.

Before a federal court can grant relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, the court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy [and] reality to warrant the issuance of a declaratory judgment." Golden v. Zwickler, 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969) (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)); Blakely v. United States, 276 F.3d 853, 872 (6th Cir. 2002). There is no actual case or controversy underlying the Plaintiffs' complaint that supports a finding of subject matter jurisdiction and there is nothing to declare with respect to the

legal interests of the Plaintiffs in any actual and immediate controversy involving the Tennessee Supreme Court. The Declaratory Judgment Act merely provides federal courts with the discretion to fashion a remedy; it does not itself confer an independent basis for subject matter jurisdiction. See Michigan Corr. Org. v. Michigan Dep't of Corr., 774 F.3d 895, 902 (6th Cir. 2014); Heydon v. MediaOne of Southeast Mich., Inc., 327 F.3d 466, 470 (6th Cir. 2003).

Similarly, the Plaintiffs' request for prospective injunctive relief cannot be heard by this Court. To the extent that the Plaintiffs request that this Court direct that the Defendant take certain actions in her official capacity as the Chief Justice of the Tennessee Supreme Court to ensure that the operation of the state courts of Tennessee conforms to state law,[2] such a request is barred by the Eleventh Amendment. See Pennhurst State Schs. & Hosp. v. Halderman, 465 U.S. 89, 101-02 and 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). To the extent that the Plaintiffs request such an order to ensure conformity to federal constitutional protections,[3] at a minimum, the Plaintiffs "must show actual present harm or a significant possibility of future harm" to even warrant consideration of such relief. Grendell v. Ohio Supreme Court, 252 F.3d 828, 832 (6th Cir. 2001). The Plaintiffs have not made such a showing in this case.

---

[2] Nowhere in their complaint do the Plaintiffs assert that any particular state law has been violated by the operation of the state court system. However, in their response to the motion to dismiss, they refer to "constitutional violations of due process," "abuses of," and "violations of" the Tennessee Constitution. See Docket Entry No. 14, at 1 and 2.

[3] Pursuant to Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), an official capacity action for prospective relief compelling compliance with federal law is not treated as an action against the State and is not barred by the Eleventh Amendment. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 9) filed by Sharon Lee be GRANTED and this action be DISMISSED WITHOUT PREJUDICE.[4]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

---

[4] Because a dismissal for lack of subject matter jurisdiction does not reach the merits of a case, such a dismissal should be without prejudice. See Revere v. Wilmington Fin., 406 Fed.Appx. 936, 937 (6th Cir. Jan 12, 2011); Ernst v. Rising, 427 F.3d 351, 366 (6th Cir. 2005), cert denied, 547 U.S. 1021, 126 S.Ct. 1584, 164 L.Ed.2d 302 (2006).